BROTHERTON *v.* WALDEN.

4-6703                                         161 S. W. 2d 391

Opinion delivered April 20, 1942.

*W. R. Donham*, for appellant.

*Kenneth C. Coffelt* and *Wm. J. Kirby*, for appellees.

SMITH, J.  Appellee, who sued by her father as next friend, recovered a substantial judgment, which is not complained of as being excessive, against Mr. and Mrs. Brotherton, who are husband and wife, to compensate a serious injury which she sustained as the result of a collision with an automobile in which Mrs. Brotherton was driving alone.

The accident occurred about four o'clock in the afternoon of April 23, 1940.  Appellee, who is 14 years old, was returning home from school with three other girls.  All were walking north on a highway which leads to the railroad station, but which forks before reaching the station.  The right-hand road turns east towards Little Rock, and the left-hand road runs northwest across the railroad tracks.

The testimony on appellee's behalf is to the effect that the girls were walking on the east side of the highway, and Mrs. Brotherton was driving on the same side of the road in the same direction the girls were walking. Appellee had to cross the highway to reach her home. When the girls came to the point where the road divided, appellee left the path on the right-hand side of the road, and walked to the west across the highway, and the tes-

timony is conflicting as to whether she ran or walked into the car or was struck by it. The collision occurred on the west or left-hand side of the road. Mrs. Brotherton was driving about 20 miles per hour. She testified that as she approached the girls she blew the horn of her car at a distance of about 100 feet, and that as appellee started across the road she again blew the horn at a distance of about 20 feet from appellee, and when appellee proceeded to cross the road she turned her car to the left to avoid striking appellee, but appellee walked into the car and was struck by the right rear fender. Mrs. Brotherton applied her brakes when the collision occurred and the car was stopped within 20 feet after the collision. Mrs. Brotherton picked appellee up and carried her to a hospital. There was nothing to prevent appellee from seeing the approaching car had she looked.

The testimony on appellee's behalf is to the further effect that the highway curves at the point where she started across, and that she glanced back down the road in the direction from which the car was approaching, but she did not see it. She walked diagonally or obliquely across the road, and was within a step or two of the opposite side when she was struck. No horn was blown.

Appellants insist, first, that in no event should a judgment have been rendered against Mr. Brotherton; and that contention is not questioned, and must be sustained. It was held in the case of *Bourland* v. *Baker,* 141 Ark. 280, 216 S. W. 707, 20 A. L. R. 525, (to quote a headnote) that ''The common-law rule that the husband is liable for the wife's torts had been abrogated by the married woman's act (Acts 1915, p. 684).'' See, also, *Johnson* v. *Newman,* 168 Ark. 836, 271 S. W. 705.

It is further insisted by appellants that under the above testimony, viewed, as it must be, in the light most favorable to appellee, it was error on the part of the court not to direct a verdict in appellants' favor, for the reasons (a) that no negligence on the part of Mrs. Brotherton was shown, and (b) that appellee was, as a matter of law, guilty of contributory negligence.

Whether the testimony sufficiently presented the question of Mrs. Brotherton's negligence as a fact which should have been submitted to the jury, presents but little difficulty. The jury might well have found, and, evidently did find, that Mrs. Brotherton should have relied more on the brakes of the car and have placed less reliance upon its horn, and that, although she was not driving at a rapid speed, she should have reduced the speed of the car; and she did not testify that its speed was reduced.

Whether appellee, as a matter of law, was guilty of contributory negligence, is a question of more difficulty.

Now, the testimony on appellee's behalf is to the effect that the horn was not blown, and that she glanced down the road as she walked obliquely across it at the point where the road began to curve, and that she had nearly crossed the road when she was struck.

Appellee is not of that immature age which, on that account, would relieve her of the charge of being guilty of contributory negligence; yet, as she is still a child that fact may be taken into account in determining whether she used proper care in crossing the road, and one of the instructions given was to that effect.

The introduction and use of the automobile as a means of conveyance and transportation has added greatly to the hazards of the highways, both to pedestrians and the drivers of cars, yet all have the right to use the highways. It was said in the case of *Murphy* v. *Clayton,* 179 Ark. 225, 15 S. W. 2d 391, that "Drivers of automobiles and pedestrians both have a right to the street, but the former must anticipate the presence of the latter, and exercise reasonable care to avoid injuring them. Care must be exercised commensurate with the danger reasonably to be anticipated. What is ordinary care is a relative term dependent upon the facts and circumstances of each particular case. The question of contributory negligence is one for the jury whether the pedestrian, in crossing the street at an established crossing, has exercised such care as a person of ordinary

prudence would exercise for its own safety under the circumstances. (Citing cases.)"

Notwithstanding the increased hazards of the highways, the courts have not gone to the extent of declaring that, as a matter of law, the pedestrian about to cross the highway must look and listen, and if necessary stop to look and listen as it is his duty to do when he approaches and crosses a railroad track. Whether any or all of these precautions should be taken by a pedestrian crossing a highway is a question of fact, dependent upon the circumstances of the particular case; and we think it was so in the instant case. Appellee testified that she was unaware of the approach of the car until it struck her, and that she glanced around without seeing it. Had the horn been blown she should have taken cognizance of that fact, and should have ascertained from whence the alarm proceeded before crossing the road. But, as has been said, the testimony presents the question of fact whether the horn was blown.

Upon the whole case we are of opinion that the question of appellee's contributory negligence was properly a question for the jury; and we are of opinion also that this question was properly submitted to the jury.

The judgment against Mr. Brotherton will, therefore, be reversed, and that cause of action dismissed; but the judgment against Mrs. Brotherton will be affirmed.