PATTERSON *v.* BELL.

4-6818 164 S. W. 2d 902

Opinion delivered October 12, 1942.

*J. M. Smallwood* and *Max M. Smith,* for appellant.

*Bob Bailey, Jr.,* and *Bob Bailey,* for appellee.

Smith, J. Appellee Bell brought this suit for himself individually and as next friend of Betty, his infant daughter, against appellant to recover damages to compensate an injury sustained by the child resulting from the striking of the child by an automobile driven by appellant, and from judgments in his favor on both counts is this appeal.

The errors assigned for the reversal of the judgment are that it is contrary to the law and the evidence, and that the court erred in not directing a verdict in appellant's favor.

Four acts of negligence on appellant's part are alleged, (1) that she was driving at a dangerous and negligent speed; (2) that she failed to apply her brakes; (3) that she was driving without sufficient brakes; and (4) that she failed to keep a proper lookout. No error is assigned in giving or in refusing to give any instruction, and the instructions are not abstracted. The presumption is, therefore, conclusive that the cause was submitted under instructions correctly declaring the law.

Appellant denied all the allegations of negligence, and alleged that the child's own negligence was the proximate cause of her injury.

The testimony cannot be reconciled, but it must be viewed in the light most favorable to appellee in testing its legal sufficiency. When thus viewed, it is to the following effect.

Appellee Bell has a 15-year-old daughter named Elizabeth, who was sent across the highway to a neighbor's home for water. Her sister, Betty, who was 9 years old, did not accompany Elizabeth, but followed her. Elizabeth crossed the road, and saw two cars approaching from the west. When she saw Betty was following, she told Betty to wait until those cars had passed. Betty obeyed, and just as she put one foot in the highway to cross it appellant's car coming from the east struck her.

The testimony is conflicting as to the speed of appellant's car. Some of the witnesses placed the speed at 65 miles per hour. There was testimony that the child was knocked up hill for a measured distance of 125 feet, and when she struck the ground the car hit her again. The car traveled as much as 250 feet after striking the child, and one witness placed the distance at 375 feet. The view of the driver of the car was unobstructed for a much greater distance, and the driver had only to turn to the left to avoid striking the child. The brakes of the car were applied, but not in time to avoid the collision.

Appellant testified that she drove through Russellville on her way to Fayetteville about 6 p. m., driving at her customary speed of around 50 miles per hour, but slowed down when meeting another car to about 40 miles per hour, and that all at once two children darted in front of the car, when she applied her brakes. She could not drive to the left of the small child for fear of striking the larger child, but she turned as far to the left as she could without striking the larger child, and it was not possible to avoid striking the small one. She was looking down the road, but did not see the children until they came in front of the car, and she did not know where they came from. Appellant was fully corroborated by the lady who was driving with her, riding on the front seat.

These conflicts in the testimony were passed upon by the jury, and that offered by appellee fully sustains the finding that appellant was negligent in failing to keep a lookout and in driving so fast without doing so. There was no testimony that appellant's brakes were defective.

The instant case is very similar to the recent case of *Robertson v. Walden, ante,* p. 92, 161 S. W. 2d 391. In this case, as in that, we have no hesitancy in saying that the testimony is sufficient to sustain the finding that appellant was negligent; but in this case, as in that, we are less certain about the contributory negligence of the child. There, the injured child was 14 years old;

here only 9. Taking into account the age of the child, as the jury had the right to do, we are unable to say that it was not a question for the jury, rather than one of law for the court, whether the child was guilty of contributory negligence.

The child was carried to a hospital, and was unconscious for sixteen days. She sustained a very serious injury, and no complaint is made that the verdicts returned are excessive, and as no error appears the judgment must be affirmed, and it is so ordered.