Isaacs *v*. Watson.

4-9459                                237 S. W. 2d 879

Opinion delivered March 26, 1951.

*Opie Rogers,* for appellant.

*Wright, Harrison, Lindsey & Upton,* for appellee.

Griffin Smith, Chief Justice. A mixed question is presented. The factual phase has been settled by the jury's verdict for which there was substantial support. The legal issue is whether an instruction should have been given that self-care does not require a pedestrian to look before stepping onto a highway for the purpose of crossing it.

Appellant, who is nearly 77 years of age, resides with her husband just north of Highway No. 16. This highway connects with Nos. 9 and 110 at a point slightly southwest of Shirley.

Appellant's rural mailbox is on the south side of Highway 16, approximately six miles north of Clinton,

and in reaching it from the Isaacs home the graveled road had to be crossed.[1]

Wendell H. Watson, who is superintendent of the Shirley public schools, had driven to Clinton the day Mrs. Isaacs was injured and was returning. There was testimony that the road curves at a distance of 175 yards from the mailbox, and it is insisted that appellee was required, as a matter of law, to note appellant's position when he rounded the bend. Appellee testified that he saw appellant standing at the mailbox, but did not reduce his speed from 35 miles per hour until Mrs. Isaacs suddenly started across the road. The weather was clear, there were no cars or other traffic ahead, and consequently no dust to obstruct appellee's vision. He supposed Mrs. Isaacs would remain at or near the mailbox in a place of safety until his car passed.

Appellee became aware of Mrs. Isaacs's situation when his car was 50 or 60 yards from her. When appellant suddenly started across the road appellee applied his brakes with sufficient force to lock the wheels and skid, coming to a stop six or seven feet beyond the mailbox and near the center of the road. Mrs. Isaacs was struck on the front part of one leg below the knee, with resulting bone fractures extending to the knee joint.

Mrs. Isaacs testified that she opened her mailbox, found it empty, then "trotted back across the road." She looked up and down the highway and saw a car about 175 yards away in the direction of Clinton. It was not in motion, or had just stopped. She "guessed" the car was in front of a house "where somebody lives." Just before being struck she heard the [Watson] car, but did not see it.

Counsel for appellant cites *Missouri & North Arkansas R'y Co.* v. *Clayton,* 97 Ark. 347, 133 S. W. 1124, and *Brakensiek* v. *Nickles,* 216 Ark. 889, 227 S. W. 2d 948, in emphasizing the rule that contributory negligence is for the jury's consideration. Upon this premise it is insisted

---

[1] Actual direction of Highway 16 is northeast, southwest, but for practical purposes the Isaacs home is spoken of as being north of the highway, and the mailbox on the south side.

that prejudice resulted from the court's refusal to instruct that the plaintiff was not required to look in either direction before "trotting" [as she expressed it] from the mailbox across the highway.

We have said that (irrespective of increased highway perils) courts have not gone to the extent of declaring as a matter of law that a pedestrian who is about to cross a highway must look and listen, etc. *Brotherton* v. *Walden*, 204 Ark. 92, 161 S. W. 2d 391. But the same rule, applied conversely, would reject a declaration that, as a matter of law, a pedestrian owes no duty of care to himself or herself. Facts in a particular case are the pertinent considerations, and it is for the jury to say whether the plaintiff's conduct amounts to contributory negligence. Here a verdict for the defendant was the result of a trial free of error, and it must be affirmed.