HOEHNE, Administratrix, Appellant, vs. MITTELSTADT and another, Respondents.

KOCH, Administratrix, Appellant, vs. SAME, Respondents.

*January 15—February 17, 1948.*

For the appellants there were briefs by *Callahan & Arnold* of Columbus, and oral argument by *Carroll B. Callahan* and *E. Clark Arnold.*

For the respondents there was a brief by *Bendinger, Hayes & Kluwin* of Milwaukee, and oral argument by *Gerald P. Hayes.*

HUGHES, J.  The decedents and Olrich were all residents of Columbus and were employed at Sun Prairie. On March 25, 1946, at a little before six o'clock a. m. the three left Columbus in Olrich's car, traveling south on United States Highway 151.

On the same morning the respondent Mittelstadt, a resident of Beaver Dam, arose early and drove his wife to Madison where she was employed. He and his young son and a hitch-hiker, Frank Konecny, were returning along United States Highway 151 in a northerly direction.

The weather was extremely foggy and visibility was bad. As Olrich drove along at about thirty-five to forty miles per hour he overtook a truck proceeding south on Highway 151. In attempting to pass the truck Olrich collided with the Mittelstadt automobile on the east half of the concrete. Appellants' intestates and the son of Mittelstadt all died from injuries sustained. The guest, Konecny, and the two drivers were injured.

The collision occurred to the side and a little to the rear of the truck, which was not involved. The truck driver stopped after the accident and set out flares. He was a witness at the trial.

The undisputed testimony discloses that the fog was so dense as to require headlights and that all three vehicles were operating with lights. The truck was traveling at a speed of approximately thirty-five to forty miles per hour. Olrich was driving at thirty-five to forty miles per hour when he came upon it, and when he decided to pass, increased his speed about five miles per hour. Mittelstadt was driving at about forty miles per hour.

The estimates as to visibility varied from thirty feet to three hundred feet. Olrich did testify that before deciding to pass he could see a half mile down the highway. The truck driver testified that the first warning he had that a car was passing was when he saw the reflection of lights in his rear-view mirror attached to the left side of his truck, and that the Olrich car was then about at the rear of his trailer. At the same time he saw the lights of the Mittelstadt car immediately ahead of his truck but on its own side of the road, and turned his truck toward the right or west shoulder.

Olrich observed the Mittelstadt car at about the same time and turned to his left, getting the left front wheel at least onto the east shoulder. Mittelstadt continued straight ahead and struck the right front fender or right front end of the Olrich car.

Appellants contend that there is proof by admissions of Mittelstadt that he could see ahead for a distance of three hundred feet; that using the combined speeds of the Olrich and Mittelstadt cars to calculate their progress toward each other, it would leave about two and one-half seconds of elapsed time between the point at which Mittelstadt in the exercise of due care should have seen the Olrich car and the instant of the impact.

Counsel argues from this that if Mittelstadt had instantly removed his foot from the accelerator his car would have slowed down sufficiently to enable Olrich to scoot off into the ditch on the east side of the road and avoid the accident.

Upon oral argument appellants' counsel conceded that Olrich created an emergency and that if Mittelstadt, in the face of the emergency, had turned to his own right and collided head on with Olrich, no one could be heard to complain that Mittelstadt had not pursued the best course.

We think that the emergency rule when properly applied must likewise excuse inaction on the part of the innocent driver in his proper lane of traffic when suddenly confronted with an automobile on the wrong side of the road.

We are of the opinion that the evidence, viewed most favorably as the appellants request, allowing as it would only two and one-half seconds for action by Mittelstadt, cannot be the basis for a finding of negligence on his part, and that the trial court was correct in changing the answers of the jury.

*By the Court.*—Judgments affirmed.