ROBERTS, by Guardian *ad litem,* Appellant, vs. KNORR and others, Respondents. [Three cases.]

*November 8—December 4, 1951.*

For the appellants there was a brief by *Sigman & Sigman* of Appleton, and oral argument by *Abe Sigman*.

*Harry P. Hoeffel* of Appleton, for the respondents.

Brown, J. The testimony most favorable to plaintiffs' contention is that which gives the longest time for Greutzmacher to react to the situation caused by Knorr turning into his path. Such testimony puts Knorr's distance south of the driveway at forty feet when he turned to go into the driveway. He maintained a speed of fifteen miles per hour. The collision occurred at the driveway. Plaintiffs' selection of evidence which the jury might believe also recites that Knorr, at a speed of fifteen miles per hour, was slowly angling over the west half and invading the left lane while still thirty-five or forty feet south of the driveway. Knorr's elapsed time at this speed for the distance to the point of collision is two seconds. There is evidence which will support a shorter interval but we find none that supports a longer one. Greutzmacher testified that he had no chance to do anything to avoid the collision. The trial court considered he was confronted by an emergency and relied upon *Hoehne v. Mittelstadt* (1948), 252 Wis. 170, 173, 31 N. W. (2d) 150, in which we held: ". . . the emergency rule when properly applied must likewise excuse inaction on the part of the innocent driver in his proper lane of traffic when suddenly confronted with an automobile on the wrong side of the road." In that case the defendant had two and one-half seconds under conditions of poor visibility in which to take measures to avoid the collision. Without holding that two and one-half seconds is the maximum permitted a defendant-driver to profit by the emergency rule, the present collision is well within even those limits.

Appellants submit that there is evidence from which the jury could believe that Greutzmacher was two hundred feet north of the driveway when Knorr, forty feet south of it, turned toward it, and thus Greutzmacher had sufficient space to avoid the collision if he controlled his car properly. It would require a speed of some sixty-eight miles per hour for Greutzmacher to go two hundred feet in two seconds.

The legal limit at that time and place was fifty-five miles per hour, sec. 85.40 (1) (g), Stats., and the jury found that Greutzmacher was not negligent as to speed. At any rate, we do not consider the element of distance is material, given the other facts which are present here. The decisive consideration in our view is that by appellants' own figures there were only two seconds after Knorr turned into Greutzmacher's half of the road in which Greutzmacher could decide what, if anything, he had better do, and to do it. We conclude that the learned trial court correctly determined that, as a matter of law, an emergency was presented in which Greutzmacher could not be held responsible for the results of any action which either he might take or might fail to take to avoid collision.

*By the Court.*—Judgments affirmed.