GRIFFY v. HAVEY et al. (RUSH et al., third party defendant).

No. 10679.

United States Court of Appeals Seventh Circuit.

Feb. 2, 1953.

George McD. Schlotthauer and John F. Jenswold, Madison, Wis., for appellants.

Floyd A. Brynelson, Madison, Wis., for M. Griffy. Norman C. Skogstad, Milwaukee, Wis., Reuben W. Peterson, Madison, Wis., Quarles, Spence & Quarles, Milwaukee, Wis., for third party defendant-appellee.

Before MAJOR, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

MAJOR, Chief Judge.

Marilyn Griffy, a passenger in an automobile driven by Kenneth G. Rush, brought suit against Richard S. Havey and American Indemnity Company for damages because of injuries sustained in a collision between the automobile driven by Rush and one driven by Havey. On motion by Havey and the Indemnity Company, Rush and his insurer, United States Fidelity and Guaranty Company, were brought into the suit as third party-defendants. As usual in such cases, plaintiff alleged that the collision was the result of the negligence of Havey, while the latter and the Indemnity Company in their third party complaint alleged that the collision was the result of the negligence of Rush.

The case was tried to a jury, which returned a verdict in favor of plaintiff and against the defendants Havey and the Indemnity Company, which judgment has been satisfied. Prior to the submission of the case to the jury but after hearing of the testimony, the District Court directed a verdict in favor of Rush and his insured (third party-defendants) on the grounds that "there was no credible evidence upon which a jury could have found any causal negligence on the part of the third party defendant and that no evidence had been produced from which an inference could be drawn that Kenneth Gene Rush had breached any duty owing to the plaintiff, Marilyn Griffy * * *."

The appeal is from the action of the court thus stated and involves solely the failure of the trial court to submit to the

jury the question relative to the negligence of Rush.

The record reveals no dispute as to the factual situation. The accident occurred on November 26, 1950, about 1 p. m., on United States Highway 51, in Dane County, Wisconsin. Rush, accompanied by plaintiff, was driving north, and Havey, accompanied by his wife, was driving south. The highway was the usual concrete two-lane highway, with shoulders 3 to 4′ wide on each side and with a 10′ ditch on each side. The highway, as well as the shoulders, was covered with snow, and all witnesses agreed that it was "very slippery." The collision occurred about 150′ south of the crest of a hill which sloped in the direction traveled by Havey. As the latter approached the crest of the hill he was following another car and for some reason, not exactly shown, attempted to pass it. In doing so, he lost control of his car, which started to slide on the icy pavement. He discovered Rush approaching from the opposite direction and, as Havey testified, "I headed for the ditch on the left side, tried to get off the road." Rush was driving at a speed of about 30 miles per hour, on his own side of the highway, when he discovered two cars coming over the crest of the hill, one in its right lane and the other (Havey's car) on Rush's side of the highway. Rush testified that he touched his brakes lightly and felt his car skid to the left, but that he reduced his speed to some extent by "letting off the accelerator and letting the motor brake it down." His car remained in its own lane of traffic while Havey's car continued approaching him in the same lane until the two cars collided. The right front end of Rush's car struck the rear right end of Havey's car. Rush first discovered the approaching Havey car on the wrong side of the highway, at a distance of 650 or 700′, and each car traveled about half that distance up to the point of collision.

In support of the contention that the question of negligence on the part of Rush should have been submitted to the jury, it is stated in the brief for Havey and the Indemnity Company that Rush "had several alternative choices to prevent this collision: stopping his car, turning on to the shoulder, to the right, or even conceivably of pulling over to the left shoulder of the highway. He selected none of these alternatives but instead persisted in going straight ahead, following the only course which predestined this collision."

This argument, even when viewing the situation in retrospect, is, in our view, fallacious. To say that Rush in order to escape the collision might have turned to his left, when there was a car approaching in that lane, borders on the absurd. It is only a little less realistic to argue that he should have turned to the shoulder on his right. Such an attempt on the part of Rush would in all likelihood have resulted in a head-on collision, with even more serious consequences. This is so for the reason that Havey was endeavoring and to some extent succeeded in going to the left shoulder so as to leave the lane of traffic open to Rush. Thus, Rush had no alternative but to remain in his own lane of traffic and an attempt by a sudden application of his brakes to further reduce his speed under the circumstances— that is, the slippery condition of the highway with another car approaching in the opposite traffic lane—would have been calculated to increase rather than diminish the hazard.

Notwithstanding the contrary argument, we think the record conclusively demonstrates that Rush was confronted with an acute emergency, for which he was not responsible. The rule announced in Hoehne v. Mittelstadt, 252 Wis. 170, 173, 31 N.W.2d 150, 152, is applicable. There the court stated: "We think that the emergency rule when properly applied must likewise excuse inaction on the part of the innocent driver in his proper lane of traffic when suddenly confronted with an automobile on the wrong side of the road."

Recently this court decided Feinsinger v. Bard, 195 F.2d 45, which controls the instant case. Here the facts are even more favorable to the host driver than they were there. We see no reason to reiterate that discussion or to analyze the Wisconsin cases further. Our reasoning there is applicable here and it requires the same result.

In our view, there was no error in the District Court's refusal to submit to the jury the question of negligence by Rush. The judgment appealed from is

Affirmed.