WHIRRY, Respondent, vs. RURAL MUTUAL CASUALTY
INSURANCE COMPANY and another, Appellants.

*May 7—June 8, 1954.*

For the appellants there were briefs by *Rogers & Owens* of Portage, and oral argument by *Bruce J. Rogers* and *Harlan B. Rogers*.

For the respondent there was a brief by *J. K. Callahan* of Montello, and *Callahan & Arnold* of Columbus, and oral argument by *J. K. Callahan, Carroll B. Callahan,* and *E. Clarke Arnold*.

BROADFOOT, J.  The appellants first contend that the right of a guest to recover damages from her host resulting from an automobile accident is based upon contract, requiring the guest to allege and show a standard of care on the part of the host and a breach by the host of the contract out of which the host-guest relationship arose.  They first call attention to the case of *Knauer v. Jos. Schlitz Brewing Co.* 159 Wis. 7, 149 N. W. 494, where this court held that the doctrine of assumption of risk does not operate except where there is a contractual relationship between the parties.  Because the

doctrine of assumption of risk applies in host-guest cases where there have been automobile accidents, they contend that the relationship is contractual. Our attention is also called to the following quotation from the case of *Switzer v. Weiner*, 230 Wis. 599, 603, 284 N. W. 509:

"While the relation of guest and host is not contractual, it is consensual. The element of consideration essential in the integration of a contract is lacking. Because of its consensual character the relation of host and guest is subject to the rules of law relating to assumption of risk. The doctrine has now become well established in automobile cases."

It is true that in its inception the doctrine of assumption of risk was limited largely to controversies between master and servant, and was not ordinarily applicable in the absence of a contractual relationship between the parties. However, the doctrine has now been extended and is applied to preclude recovery in negligence cases. A consensual contract is one completed by the consent of the parties merely, without any further act. Regardless of its inception, it is clear in Wisconsin that once the relationship has been established the host is considered a licensor and the guest a licensee.

The appellants seem to urge that we go back to the conversation between the host and guest prior to the automobile trip and from it determine the contract between them. In different cases the contracts would vary. Compliance with this suggestion would multiply the issues in automobile cases and introduce further confusion into the administration of host-guest cases. In this case the relationship had been established and just prior to the accident the plaintiff's position was that of a licensee. The duty of the host toward the guest is less than is his duty to many other users of the highway, but that duty is firmly established in our law.

Upon the calling of the first witness, Whirry and his insurance carrier interposed a demurrer *ore tenus* to the complaint, based upon the first contention herein made, namely,

that the host-guest relationship existed, that the relationship is contractual, or at least consensual, and that no breach of any duty owed by the defendant Whirry to the plaintiff is alleged in the complaint. The demurrer *ore tenus* was overruled. A motion was then made that the plaintiff elect whether her remedy be in tort or contract. That motion was also denied. The complaint was based upon a duty of the host to the guest and the negligent violation of that duty. The complaint sounded wholly in tort. There were no allegations of a contractual nature and there was nothing for the plaintiff to elect except to proceed with the trial of the issues raised by the pleadings. No contract was pleaded in the answer and no affirmative defense requiring the plaintiff to establish a contract and its breach was interposed. The rulings of the trial court on the demurrer *ore tenus* and the motion to elect were correct.

The main jury issue in the case was as to the negligent lookout of Arnold Whirry. The appellants call attention to testimony of the record that, in their minds, establishes that because of the curve in the road, because of a bank to his left, and because of certain trees, brush, and weeds growing thereon, Whirry was unable to see the Lloyd car, and particularly its position upon the highway, before he did. There is other testimony in the record which, if believed by the jury, justified its answers with respect to Whirry's lookout. There is testimony permitting the jury to infer that he could have seen the Lloyd car approaching much sooner than he did and that a driver maintaining a proper lookout could have determined the position of an approaching car upon the highway long before he did. The question of his lookout and whether or not it was causal were clearly issues to be determined by the jury. There is credible evidence in the record to sustain its answers.

The plaintiff saw the Lloyd car approaching before her driver did. The driver's daughter Nancy had lowered the

sun visor in front of the plaintiff and had again reached up and raised the visor. The plaintiff saw the Lloyd car approaching on the wrong side of the highway as soon as the visor had been raised and Nancy's arm removed. We find no testimony in the record to support a finding of negligent lookout on the part of the plaintiff, and the trial court was justified in changing the answer to question 7 in the verdict accordingly.

The appellants also contend that the trial court erred in changing the answer in the verdict wherein the jury found that the plaintiff had assumed the risk of Arnold Whirry's negligence. In discussing this matter the trial court said:

"With respect to question 8, wherein the jury found that the plaintiff Winifred Whirry assumed the risk of the negligent manner in which the defendant Whirry drove, the court is of the opinion that the answer of the jury to this question is not supported by the evidence. In order to prove assumption of risk, three elements must be established, to wit: 1—A hazard or danger inconsistent with the safety of the guest; 2—knowledge and appreciation of the hazard by the guest; and 3—acquiescence or a willingness to proceed in the face of the danger. The burden to prove assumption of risk in this manner was on the defendants. It is the opinion of this court that the burden of proof has not been met. There is no evidence to establish any negligence on the part of the defendant Whirry until a very short period of time prior to the collision. In answer to question 6, the jury found that the defendant Whirry, at and immediately prior to the accident, operated his automobile in such a manner so as to increase the risk assumed by the plaintiff Whirry, or created a new danger to her. The jury found that the plaintiff was not negligent with respect to warning the driver Arnold Whirry, or in failing to protest, and this court has found that she was not negligent with respect to lookout. From an examination of the law in this state, this court is of the opinion that under the circumstances as existed in this case, the jury having found that the only negligence which constituted a substantial factor in causing the accident on the part of the defendant

Whirry being his negligence with respect to lookout, that as a matter of law the plaintiff Whirry did not assume the risk of the negligent manner in which the defendant Whirry was driving at and immediately prior to the accident in question. The court is therefore of the opinion that the answer of the jury to question 8 must be changed from 'Yes' to 'No.' "

This court has held many times that a guest does not assume the risk incident to a host's momentary failure to maintain a proper lookout. The ruling of the trial court is affirmed.

The appellants also contend that the defendant Arnold Whirry was confronted by a sudden emergency and, therefore, he should not be held causally negligent with respect to lookout. If his negligence in that respect contributed to the emergency, then he is not entitled to the benefit of the emergency rule. The jury was properly instructed, and it was for the jury to determine whether or not Arnold Whirry was confronted with such an emergency as to excuse him.

Finally, the appellants contend that certain statements made by counsel for the plaintiff in their arguments to the jury were improper and prejudicial. We have reviewed the record carefully in this regard and find nothing in the statements that could be called prejudicial. The amount of damages awarded by the jury to the plaintiff does not indicate any passion or prejudice.

*By the Court.*—Judgment affirmed.