CATURA and another, Plaintiffs and Respondents, vs. ROMA-NOFSKY and another, Defendants and Appellants.
RISCHETTE, Plaintiff and Respondent, vs. SAME, Defendants and Appellants: CATURA, Defendant and Respondent.

*October 5—November 9, 1954.*

For the appellants there was a brief by *Dougherty, Arnold & Philipp* of Milwaukee, and oral argument by *Suel O. Arnold.*

For the respondents Bernard Catura and Minnesota Farmers Mutual Casualty Insurance Company there was a brief by *Cape & Schellinger* and *Quarles, Spence & Quarles,* attorneys, and *Stanley F. Schellinger* and *Edmund W. Powell* of counsel, all of Milwaukee, and oral argument by *Mr. Powell* and *Mr. Stanley F. Schellinger.*

For the respondent Peter Rischette there was a brief by *Clair H. Voss* and *Harry E. Fryatt, Jr.,* both of Waukesha.

BROADFOOT, J.   Many assignments of error are raised by the appellants. Two of these will be sufficient to demonstrate the need for a new trial in these actions. The first has to do with the form of the special verdict. Question One thereof inquired as to the negligence of the defendant Romanofsky in the manner of operating his automobile. Question Two thereof was the usual causation question as to Romanofsky in case the jury had found he was negligent by its answers to question One. Questions Three and Four were similar questions inquiring as to the negligence and causation with respect to the manner in which Bernard Catura operated his automobile. The next three questions with the jury's answers were as follows:

"Question Five.

"Did Bernard Catura, at the time of and immediately prior to the accident, fail to exercise ordinary care not to increase the danger assumed by the plaintiff Peter Rischette upon

entering Catura's automobile in respect to management and control and speed of his automobile?

"Answer: Yes.

"Question Six.

"If your answer to question Five is 'Yes,' then answer this question, Was such failure on the part of Bernard Catura a cause of the injuries sustained by Peter Rischette?

"Answer: Yes.

"Question Seven.

"If your answer to any subdivision or subdivisions of question Three, and the corresponding subdivision or subdivisions of question Four is 'Yes,' then answer the corresponding subdivision or subdivisions of this question, Did Peter Rischette assume the risk of such negligence with respect to:

"A. Speed?
    "Answer: No.
"B. Management and control?
    "Answer: No."

These questions should not have been submitted. Assumption of risk was not an issue in these cases. It is an affirmative defense and must be specially pleaded. Timely objection had been made to the introduction of evidence thereon. Objection had been made to the inclusion of the question in the special verdict. If assumption of risk had been an issue in the case, then question Five should have been subdivided so as to make separate inquiry with respect to management and control and speed, as they were subdivided in question Seven. Again, had the issue been in the case, question Seven should not have referred to questions Three and Four, which inquired as to the duty owed by Catura to the driver of the other car and not to the duty owed to passengers in his own automobile. Reference should have been made therein to question Five.

A second claim of error is that both Rischette and Catura were permitted to testify over objection by counsel for Ro-

manofsky that Catura drove on the evening of the accident the same as he had done on previous occasions when Rischette was with him. Rischette was also permitted to testify that Catura did just about all he could to avoid the accident. Objection was made to the question that preceded the testimony. The trial court sustained the objection to this question on the ground that it called for a conclusion of the witness and his answer would be an invasion of the province of the jury. The court's attention was then called to the language of this court in the case of *Olson v. Hermansen,* 196 Wis. 614, 220 N. W. 203. The following language appears in the opinion in that case (p. 619):

"It appears without dispute that Mrs. Michelson and Mrs. Olson had frequently ridden with Mrs. Hermansen in her Ford car; that they were thoroughly familiar with her driving experience and her driving habits. It appears by every witness who testified in this case that at the time of the accident Mrs. Hermansen was driving as she usually drove, and was driving at her customary and usual rate of speed. Mrs. Hermansen testifies to that over and over again. Mrs. Michelson testified that she drove and handled the car as she usually did, and that she could see no difference between the manner she drove and handled the car on that day and at the time of the accident, and that she did not think Mrs. Hermansen was to be blamed for the manner in which she drove the car. This was stricken out by the trial court, but it should have been permitted to stand. She further testified that she never thought of suing Mrs. Hermansen, and insisted that she had not commenced an action against her."

That language was later criticized and restricted in the case of *Lang v. Baumann,* 213 Wis. 258, 251 N. W. 461, wherein it was held that the statement referred to testimony by a party plaintiff and was receivable as an admission by a party to the action under the facts and circumstances as they appeared there. It should be noted that assumption of risk was pleaded as a defense in the *Olson Case*. The language in

the decision is so general that it can be followed only after checking the record therein and should not be extended.

Without the record in the *Olson Case* before it, a trial judge cannot tell what objection or objections were made to the questions that elicited the answers. In an action between one passenger and his host-driver perhaps more latitude could be given than in an action in which another automobile driver is involved, but in the case before us the questions were objectionable and the answers highly prejudicial. The *Lang Case* was not called to the attention of the trial court, and its decision had to be hurriedly made in view of the language in the *Olson Case*. The court then reversed its ruling and permitted the testimony by Rischette. It was particularly prejudicial to permit Catura to testify, as thereby he was enabled to make several self-serving declarations.

As to the request to reopen the case for the purpose of introducing Romanofsky's insurance policy, that was a discretionary order and we do not find any abuse of discretion by the trial court in denying the request. Moreover, since a new trial will be required the policy can then be introduced.

*By the Court.*—Order affirmed; judgments reversed; and causes remanded for a new trial.