SANDLEY, Plaintiff, vs. PILSNER and another, Defendants.*
KENYON, Plaintiff, vs. SAME, Defendants: SANDLEY and
another, Impleaded Defendants.*

*January 13—March 8, 1955.*

* Motion for rehearing denied, with $25 costs, on May 3, 1955.

For the plaintiffs there was a brief by *Nikolay, Jensen & Nikolay* of Abbotsford, and oral argument by *Corliss V. Jensen* and *John J. Nikolay*.

For the defendants there was a brief by *Brazeau & Brazeau* of Wisconsin Rapids, and oral argument by *Richard S. Brazeau*.

For the impleaded defendants there was a brief and oral argument by *Frank L. Morrow* of Eau Claire.

BROADFOOT, J. The accident occurred just prior to midnight on March 3, 1953. Pilsner was driving south on State Trunk Highway 13 a short distance from the city limits of the city of Marshfield in Wood county. His wife sat in the front seat with him and to her right, in the same seat, was

one Harold Stargardt. Pilsner intended to make a left turn into a tavern known as the Airport Bar. Sandley was driving north on said highway with Kenyon, his guest, sitting in the front seat to his right. Pilsner testified that he turned on his directional signal lights when he was about 125 feet north of the entrance to the tavern, to indicate that he was going to make a left turn. He stated that he saw the Sandley car and estimated that he had plenty of time to make his left turn and be out of the highway by the time the Sandley car approached. He made no estimate of the speed of the Sandley car. Sandley testified that he was proceeding north upon his side of the highway at a speed of 45 to 50 miles per hour; that he saw the headlights and car of Pilsner but that he did not see any directional lights indicating a left turn; that Pilsner made a sudden turn in front of him when he was about 50 feet away; that he applied his brakes but was unable to avoid the accident.

The question as to assumption of risk by Kenyon should not have been submitted. Assumption of risk by a guest occupant of an automobile is an affirmative defense and must be specially pleaded. *Catura v. Romanofsky,* 268 Wis. 11, 66 N. W. (2d) 693. In none of the pleadings was this issue raised. At the arguments upon the appeal the attorneys for all parties agreed that there was no claim of negligence on the part of Kenyon.

The attorneys for Sandley contend that he was not causally negligent as to lookout. They contend that he was faced by an emergency and therefore would not be negligent under the rules enunciated in *Roberts v. Knorr,* 260 Wis. 288, 50 N. W. (2d) 374; *Hoehne v. Mittelstadt,* 252 Wis. 170, 31 N. W. (2d) 150; *Havens v. Havens,* 266 Wis. 282, 63 N. W. (2d) 86; and *Walter v. Shemon,* 267 Wis. 424, 66 N. W. (2d) 160. It is fundamental that if Sandley's negligence contributed to the emergency he cannot claim the benefit of the emergency rule. In view of the testimony as to distances

and speed, and because Sandley did not see the left-turn signal, which the jury found Pilsner gave, we feel there is in the record a minimum amount of credible testimony from which the jury could find as it did as to Sandley.

All of the proper issues were tried and there is no need for a new trial. With the issue as to assumption of risk stricken from the verdict, a judgment should be entered thereon in favor of Kenyon against Pilsner and his insurer for the amount of damages as found by the jury, with judgment for contribution in their favor against Sandley and his insurer. Sandley will then be entitled to judgment against Pilsner and his insurer for 85 per cent of his damages as found by the jury.

*By the Court.*—Order reversed. Cause remanded with directions to enter judgment in conformity with this opinion.

* Motion for rehearing denied, with $25 costs, on May 3, 1955.