STANLEY, by Guardian *ad litem,* and another, Respondents, vs. MILWAUKEE AUTOMOBILE INSURANCE COMPANY, LIMITED, MUTUAL, and another, Appellants.

*November 8—December 4, 1956.*

For the appellants there was a brief and oral argument by *D. J. Regan* of Milwaukee.

For the respondents there was a brief and oral argument by *Thomas P. Maroney* of Milwaukee.

BROADFOOT, J. There was a dispute in the evidence. Richard testified that upon each occasion when he had ridden with Gilbert either to or from Milwaukee, he had assisted in unloading the full cans of milk and in loading empties. Richard testified that he followed that custom on the day of the accident; that he entered the body of the truck and assisted in unloading about half of the cans of milk; that after the cans were unloaded it was necessary to drive the truck forward about 75 feet to a conveyor that brought the empty cans from the plant to where they were loaded on the truck; that he always rode that distance in the cab after proceeding from the body of the truck to the cab by means of the ledge; that on the date of the injury he followed Gilbert along the ledge toward the cab and that no conversation had taken place as to what Gilbert was going to do or as to what Richard was going to do.

Gilbert's testimony was that Richard had never helped in loading or unloading the cans, and that he did not help on the day of the accident. On direct examination he testified that Richard never followed him from the body of the truck to the cab along the ledge, although on cross-examination he testified it was possible that Richard had done so on some prior occasions. He further testified that on the day of the accident he told Richard he was going to move the truck ahead and Richard replied that he would stay in the body of the truck; also that he looked to the rear in his rear-view mirror and did not see Richard following him.

There was sufficient evidence to support the answers of the jury to the questions in the special verdict.

The trial was somewhat complicated by the adverse claims of the parties with respect to the relationship between Richard and Gilbert and with respect to the duty, if any, which Gilbert owed to Richard. It was the contention of the defendants that Richard was at best a licensee and that Gilbert owed him no duty except to refrain from active negligence. On the other hand, it was the claim of the plaintiffs that Richard was an invitee and that Gilbert owed to him a duty to exercise ordinary care. Upon this appeal they maintain the same assertions.

The defendants here cite, for the most part, cases dealing with the duty owed to a licensee upon real estate. This court has always held that the relationship between a host and his guest in a motor vehicle is that of licensor and licensee. *Sommerfield v. Flury,* 198 Wis. 163, 223 N. W. 408; *Waters v. Markham,* 204 Wis. 332, 235 N. W. 797; *Whirry v. Rural Mut. Casualty Ins. Co.* 267 Wis. 302, 64 N. W. (2d) 841.

Because of the mobility of motor vehicles new concepts as to the law of licensor and licensee have been developed. The relationship between the driver of an automobile and that of a person riding therein is that of host and guest. In this state the same rules apply whether the guest has been invited to ride or is riding merely with the knowledge and tacit consent of the operator. No distinction is made between a guest by invitation and one by sufferance. As a result, not all of the technical rules and distinctions as to licensees upon real estate are applied to the host-guest relationship. In determining the duty owed to a guest by the host this court has followed the rule announced in *Poneitowcki v. Harres,* 200 Wis. 504, 511, 228 N. W. 126. It is unnecessary to repeat it except to say that a host owes to his guest a duty to exercise ordinary care in maintaining a proper lookout and not to increase the dangers assumed by a guest upon entering his motor vehicle nor to create a new danger.

The main contention of the defendants is that the court erred in failing to grant their motion for a directed verdict. Their argument there, as here, was based upon the rule as to licensor and licensee announced in real-estate cases, which are not applicable.

The defendants further contend that the court erred in refusing to give certain instructions requested by them. Those requested instructions, too, dealt with the duty of a licensor to a licensee upon real estate. The court correctly instructed as to the host-guest relationship. The requested instructions would have confused the real issues.

The defendants next contend that the trial court erred in admitting testimony as to what happened on prior occasions when Richard was on the truck. No authority is cited in support of their contention, and we find no error.

Finally, the defendants contend that the court erred in refusing to include in the verdict a question relative to plaintiff's assumption of risk. Assumption of risk was not pleaded as a defense in the answer. It is an affirmative defense and must be specially pleaded. *Catura v. Romanofsky,* 268 Wis. 11, 66 N. W. (2d) 693; *Sandley v. Pilsner,* 269 Wis. 90, 68 N. W. (2d) 808. Therefore, there was no error in failing to submit a question thereon.

*By the Court.*—Judgment affirmed.