KENNETH JOHNSON *v.* PAT NELSON

5-4139                                                   411 S. W. 2d 661

Opinion delivered February 27, 1967

*Loftin, Herrod & Cole,* for appellant.

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellee.

PAUL WARD, Justice. This is an action to recover for injuries to Kenneth Johnson, age fourteen, (referred to as appellant) brought by his father, Autice E. Johnson. Appellant was struck by a car driven by Pat Nelson (appellee). From a jury verdict in favor of appellee comes this appeal.

*Background Facts.* Appellee was driving east on Ninth Street in Little Rock, and when she had crossed

or was in the act of crossing Cumberland Street she saw three boys (one being appellant) walking west along the sidewalk on the south side of Ninth Street. Suddenly appellee saw one of the boys (later identified as appellant) step or fall into the street. Appellee allegedly promptly tried to stop her car but could not do so before she hit and injured appellant. The point of impact was about forty feet east of the east side of Cumberland Street.

The only point relied on by appellant is that "The Court erred in giving an instruction on behalf of defendant for a sudden Emergency . . . ." The instruction referred to was No. 4 which reads:

"A person who is suddenly and unexpectedly confronted with danger to himself or others not caused by his own negligence is not required to use the same judgment that is required of him in calmer and more deliberate moments. He is required to use only the care that a reasonably careful person would use in the same situation."

We think the above instruction was correct. It is an exact copy of AMI 614, Sudden Emergency. In turn, the AMI instruction is based on and justified by the case of *Hooten* v. *DeJarnatt,* 237 Ark. 792, 376 S. W. 2d 272.

Apparently appellant does not argue that the instruction is inherently wrong, but that it was not justified under the testimony in this case. That is, appellant argues there is no substantial evidence in the record from which the jury could find that an emergency actually existed and, if so, that appellee did *not* cause it. We think the record does contain such testimony. *Hansel Boyd,* who was at the intersection in his car on the north side of Ninth Street when the accident happened, testified he saw the boys and there was nothing "to suggest there was going to be an accident". *Jerry Horton,* who was following behind appellee on the south side of Ninth Street, and who also saw the boys, testified; ap-

pellee was not exceeding the speed limit; there was nothing to alarm him, and; there was nothing to suggest one of the boys "might wind up in the street". *Thelma Gustus*, who was on Ninth Street near the scene of the accident and saw appellant fall in the street, testified:

"Q. Did you see what caused Kenny to be in the street?

A. Well, I don't know whether he slipped or turned his ankle or stumbled or something to that effect. It seemed like it give way.

Q. All right. Now, when you saw that could you tell us where Mrs. Nelson's car was at that time?

A. Well, she looked like she was right on him. Just like it was going—that was it—she hit him."

None of the above testimony is denied by any witness.

It must be concluded therefore that there is substantial evidence in the record to justify the trial court in giving instruction No. 4.

Affirmed.