32

Loamma HOLCOMB, By Her Father And Next
Friend, Charles HOLCOMB *v.* Patsy GILBRAITH

74-96                                    513 S.W. 2d 796

Opinion delivered September 23, 1974

*Estes, Storey & Estes,* for appellant.

*Putman, Davis & Bassett,* for appellee.

CONLEY BYRD, Justice. Appellant Loamma Holcomb,
age 14, was struck by an automobile driven by appellee Patsy
Gilbraith while crossing Highway 59. The jury found the
issues in favor of appellee and appellant through her father
brings this appeal. For reversal appellant contends that the
trial court erred in giving AMI 614 (on sudden emergency);
in refusing AMI 605 (On duty to anticipate behavior of

children); and in modifying Ark. Stat. Ann. § 75-628(d) (Repl. 1957).

The proof shows that all parties were acquainted with each other and that appellee knew that appellant was in the habit of crossing the highway from her home to go to her grandparents' home on the other side of the highway. All witnesses generally agree that the point where appellant was crossing the highway is blocked from the view of a north bound motorist until the motorist gets within 400 or 500 feet of the place involved.

Appellant testified that before going across the road she had looked both to the south and the north and that she did not see any vehicles. She says that she was just angling across the road.

Appellee testified that she was driving a 1970 Model Ford LTD. The car was in good shape. She had had the front end aligned and the wheels balanced only two days before. Appellee testified that when she first observed appellant, the latter was walking on the right-hand shoulder of the road. When appellee was within 100 feet of appellant, appellant made a sudden turn onto the highway. Appellee then applied her brakes, blew her horn and pulled to the left. She testified that at first she thought she missed appellant, but she then realized that the appellant was hit by the right front fender. Appellee says that when she first saw appellant she took her foot off the accelerator and pulled to the left. On cross-examination appellee described appellant as just walking along the highway with her head down—appellant didn't seem to be very alert.

The skidding distance of appellee's car varied with the witnesses. One witness, who stepped off the distance estimated it to be 150 to 160 feet. Appellant's father placed the skid marks at 230 feet.

POINT 1. We find no merit in appellant's contention that the instruction on sudden emergency should not have been given. There was proof in the record to the effect that appellant while walking along the road suddenly turned into the path of appellee's automobile. See *Johnson* v. *Nelson,* 242 Ark. 10, 411 S.W. 2d 661 (1967).

POINT II. The trial court refused to give appellant's requested instruction No. 1 (AMI 605) which reads as follows:

"A person who knows, or reasonably should know that a child may be affected by his failure to act, is required to anticipate the ordinary behavior of children and use care commensurate with any danger reasonably to be anticipated under the circumstances. A failure to use this degree of care is negligence."

To sustain the action of the trial court, appellee argues:

"In determing the standard of care to which a minor is held, this Court has for many years made reference to 'intelligence,' 'understanding,' 'experience,' 'discretion,' 'capability,' and 'capacity' as well as 'age.' See Comment, AMI 304. It is, of course, well known that some young people mature faster than others. Some are more intelligent, quick witted, comprehending and observant, while others tend to remain awkward and inattentive for a longer than usual period. It is consideration of these things that should determine whether or not AMI 605 should be given in case of injury to a minor. . . ."

In discussing whether a child should be held to the standard of care of an adult in negligence cases, the annotator in 77 A.L.R. 2d at page 932 §7 states the matter in this language:

"Whether the question of a child's contributory negligence is regarded as one of capacity, standard of care or compliance with that standard, the courts are in general agreement that normally, if not always, a question of fact for the jury is presented rather than one of law for the court. . . ."

This Court is in accord with the general view, see *Brotherton* v. *Walden,* 204 Ark. 92, 161 S.W. 2d 391 (1942) and *Garrison* v. *St. Louis, I.M. & S. Ry. Co.,* 92 Ark. 437, 123 S.W. 657 (1909). We need not here decide at what age the issue becomes one of law for we are dealing with a girl between the ages of 14 and 15 who was injured on the day she graduated from junior

high school. It is also true as the appellee argues that some children develop faster than others, but we know of no reason why jurors would be any less capable in determining those facts than a court. It follows that we conclude that the trial court erred in refusing to give AMI 605 as requested by appellant.

POINT III. The statutory duty of a pedestrian crossing at other than crosswalks is set out in Ark. Stat. Ann. §75-628(a) and (d) in this language:

"(a) Every pedestrian crossing a roadway at any point other than within a marked crosswalk, or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway. . . . (d) Notwithstanding the provisions of this section, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn 'when necessary, and shall exercise proper precaution upon observing any child, or any confused or incapacitated person upon a roadway."

The trial court in instructing the jury as to the above statute removed the words "child, or any confused or incapacitated person" and in its place put "person."

Appellee contends that appellant was not prejudiced by the court's modification but since we are reversing for the court's error in refusing AMI 605 *supra,* we point out that under the circumstances of this case the statutory language should have been used without modification.

Reversed and remanded.