Ruth H. BARDWELL, Administratrix of
The Estate of Emmett D. BARDWELL, Deceased
*v.* Jerry McLAUGHLIN

74-269                                          520 S.W. 2d 277

Opinion delivered March 10, 1975

*Brick, Wallin and Rainey,* for appellant.

*Spears and Sloan* and *Skillman, Durrett & Davis,* for appellee.

FRANK HOLT, Justice. Appellant, administratrix of the estate of Emmett Bardwell, brought this action against appellee alleging that appellee negligently drove a pickup truck which struck and killed appellant's decedent. A jury denied recovery by finding the comparative negligence of appellee was 10% and appellant's decedent 90%. The sole issue on appeal is the propriety of the trial court instructing the jury as to "sudden emergency" (AMI [Civil] 614). It is argued that under the facts and circumstances it was prejudicial to give the instruction and we agree.

At approximately 3:50 a.m., the appellee, who was an off-duty state policeman, found the decedent's truck wrecked on an interstate highway. Appellee could not locate a telephone in the vicinity. He drove back to the scene of the accident and, because of insufficient light, was unable to determine if the driver of the wrecked vehicle was in the vicinity. Appellee returned to his truck, left the interstate and drove down the lateral service road to find assistance. Cars driving in the opposite direction on the interstate caused appellee to drive with his headlights on lowbeam. He was in his proper lane of traffic driving 70 miles per hour, the speed limit being 60, when he suddenly saw the decedent 50 feet ahead in appellee's lane. This was approximately one mile from the scene of the decedent's wrecked vehicle. The decedent was walking two feet from the center line in the same direction as appellee was traveling. Appellee testified that the combination of lights from the approaching vehicles on the interstate and the clothing the decedent was wearing prevented him

from seeing decedent until he was 50 feet from him. Appellee didn't think anyone would be walking on the access road. Appellee testified that he did not have sufficient time to take evasive action or apply his brakes before he struck the decedent. Thereafter, the truck skidded several hundred feet, stopping in a field. There is substantial evidence that the decedent was intoxicated at the time of the fatal accident.

The instruction given to the jury is AMI (Civil) 614 (Sudden Emergency) which reads:

A person who is suddenly and unexpectedly confronted with danger to himself or others *not caused by his own negligence* is not required to use the same judgment that is required of him in calmer and more deliberate moments. He is required to use only the care that a reasonably careful person would use in the same situation. (Emphasis added.)

The appellee contends that this instruction was proper in the circumstances. Appellee's argument is that appellant's decedent created an emergency situation which originated and continued from the time he left his wrecked automobile one mile distant from the fatal accident and that appellee was reacting to this emergency situation created by the decedent. Therefore, the appellee was not guilty of any negligence which created the emergency situation.

As previously indicated, we cannot agree that the emergency instruction is applicable in the factual situation here. The appellee's reactions to his discovery of the decedent's wrecked vehicle certainly did not create a continuing sudden emergency. The appellee had time to seek a telephone in the vicinity, to return to the scene of the wrecked vehicle, and to decide to seek assistance elsewhere. Thus there was no sudden emergency that caused the appellee, in the stress of the situation, to drive at a speed of 70 miles an hour with his lights dimmed.

Nor was a sudden emergency, within the meaning of the AMI instruction, involved when the appellee saw the decedent walking down the highway. Appellee was admittedly

driving 70 miles per hour and first saw the decedent 50 feet from the impact point. Appellee was traveling at a rate of approximately 102.6 feet per second and had less than ½ a second to react. The perception/reaction distance of a driver of a car traveling 70 miles per hour is 77 feet.[1] Therefore, as appellee testified, he had no chance to swerve or brake his vehicle.

The basis of the sudden emergency doctrine is that the driver be in a stressful situation which dictates a quick decision as to possible courses of conduct.

The law does not require of the actor more than it is reasonable to expect of him under the circumstances which surround him. Therefore, the court and jury in determining the propriety of the actor's conduct must take into account the fact that *he is in a position where he must make a speedy decision between alternative courses of action* and that, therefore, he has no time to make an accurate forecast as to the effect of his choice. (Emphasis added.)

Restatement, Second, Torts § 296 Comment (b).

The sudden emergency instruction given to the jury in the case at bar is cast in terms of "judgment." The driver must be aware of the danger in a situation where he has a choice of action. In *Howard v. Tri-State Ins. Co.*, 253 Ark. 405, 486 S.W. 2d 77 (1972), we held it error for the trial court to give a sudden emergency instruction where there was "not one iota of testimony of either driver finding himself in an emergency situation and taking action accordingly." There, neither driver perceived a situation in sufficient time to indicate an emergency and make a decision between alternative courses of action. Likewise, in the case at bar, it was physically impossible for appellee to make a decisional act after seeing the decedent. Only the instructions on comparative negligence are applicable in this factual situation.

Reversed and remanded.

---

[1] Uniform Table of Driver Stopping Distances, Including Perception-Reaction Distance, Am. Jur. 2d, Desk Book at 456.

FOGLEMAN and JONES, JJ., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. I agree with the majority that the "emergency" in which appellee was acting, i.e., his search for one who was apparently the victim of a very serious automobile accident, was not the type of emergency envisioned by AMI, Civil, 614. This evidence was, of course, admissible in order for the jury to determine whether appellee exercised "the care a reasonably careful person would use under circumstances similar to those shown by the evidence in this case." But I disagree with the majority as to the circumstances under which the "sudden emergency" instruction is to be given.

The "sudden emergency" principle is nothing more or less than an extension or special application of the definition of simple negligence. The emergency is only one of the circumstances to be considered in determining what a reasonably careful person would do in that particular situation. Prosser, Torts, 2d ed., 169; 1 Blashfield, Automobile Law and Practice, 3rd ed., 342, § 51.9; 57 Am. Jur. 2d 439, § 91. The actor's conduct is not to be judged by the jury according to the circumstances as they appeared to him. The proper test is how the circumstances ought to have appeared to him in the exercise of ordinary care.

The most analogous case of which I am aware is *Baker v. Alt,* 374 Mich. 492, 132 N.W. 2d 614 (1965). It is an automobile accident case in which a 7-year-old bicyclist was injured when his bicycle collided with an automobile driven by Alt. The collision occurred at a street intersection controlled by a "flasher" light which flashed red to the boy who was pursuing his youthful companions, also on bicycles, who had preceded him through the intersection. The light was flashing yellow to Alt. All of the youths were on the wrong side of the street. The Michigan court said:

> Plaintiff assigns error also on the ground that the trial court injected into the case the "emergency" doctrine which had not been pleaded and for which no factual basis existed. We cannot agree. Defendant testified that he observed and was relying upon the red flasher

controlling Hall street traffic. When he was about 100 feet from the intersection, the 2 older boys came through the red light. They passed, according to his estimate, within 15 feet of his car. They testified at variance with their earlier deposed version, but, under either, it is apparent that the driver's attention was diverted by their appearance. Mr. Alt admits not having seen Billy nor having applied the brakes until the moment of impact. Whether his observations would have been different in focal point of attention, or whether his management of the vehicle would have been different had the older boys not entered the intersection at the time and under the circumstances they did, were proper considerations for the jury under the instructions as given. Appellant urges strongly that because defendant did not see plaintiff until the moment of impact no emergency in fact existed. We think this argument fails to take into account whether it could have been *because* of the appearance of the 2 cyclists in the wrong lane and the driver's natural retention of his attention upon them for some period that may have caused his failure to see the third youngster before he did. In actuality, the doctrine of "sudden emergency" is nothing but a logical extension of the "reasonably prudent person" rule. The jury is instructed, as was done here, that the test to be applied is what that hypothetical, reasonably prudent person would have done under all the circumstances of the accident, whatever they were. The trial judge here was meticulous in instructing the jury that the "emergency" rules could not be considered if defendant in any manner negligently contributed to causing the "emergency", and further, that he had to be making proper and reasonable use of his senses under the circumstances that had been testimonially described.

We do not here dilute the doctrine, which is our settled law under the cases cited by appellant, that the injection of an issue into a case not properly present under either the pleading or the evidence is reversible error.

In this instant case the defendant claimed the

benefit of the "emergency" rule and requested instruction to cover it. There was evidence from which the jury could have found the instruction applicable or inapplicable. The instruction as given was correct.

To my way of thinking there are two distinct categories of cases, into either of which this case might fall, depending upon the jury's view of the facts. The first is the case in which there is no time for action, i.e., where the awareness of the actor and the impact are simultaneous, and the other is when there is only a split second for action. For this reason, I find no basis for the application of *Howard* v. *Tri-State Insurance Co.,* 253 Ark. 405, 486 S.W. 2d 76, as a matter of law. In that case, neither of the drivers involved was ever aware of the presence or existence of the other until the instant of the impact. Much more applicable is the case of *Johnson* v. *Nelson,* 242 Ark. 10, 411 S.W. 2d 661, where we held that the instruction was correctly given, rejecting the argument that the instruction was not justified in that case. The background facts were stated and are pertinent. They were:

> Appellee was driving east on Ninth Street in Little Rock, and when she had crossed or was in the act of crossing Cumberland Street she saw three boys (one being appellant) walking west along the sidewalk on the south side of Ninth Street. Suddenly appellee saw one of the boys (later identified as appellant) step or fall into the street. Appellee allegedly promptly tried to stop her car but could not do so before she hit and injured appellant.

One witness, whose testimony was critical on the point, was asked to tell where the driver's car was when one of the youths slipped or stumbled into the street, answered,

> Well, she looked like she was right on him. Just like it was going — that was it — she hit him.

When the emergency arises under the circumstances leaving no time within which to act, at least other than instinctively or intuitively, the actor cannot be negligent, unless he is shown to be unfit to act in such an emergency. *Miller* v.

*Daniels*, 86 N.H. 193, 166 A. 30 (1933); *Roberts* v. *Knorr*, 260 Wis. 288, 50 N.W. 2d 374 (1951); *Gross* v. *Gross*, 169 F. 2d 199 (7 Cir., 1948). See also, *Hasselbrink* v. *Speelman*, 246 F. 2d 34 (6 Cir., 1957); *Hormovitis* v. *Mutual Lumber Co.*, 120 So. 2d 42 (Fla. App., 1960). The emergency rule excuses inaction as well as improper action. *Hoehne* v. *Mittelstadt*, 252 Wis. 170, 31 N.W. 2d 150 (1948). See also, *Roberts* v. *Knorr*, supra.

I think the proper rule governing the application of the doctrine is stated in *Geis* v. *Hirth*, 32 Wis. 2d 580, 146 N.W. 2d 459 (1966), viz:

> There are two procedures which are used to apply the emergency doctrine. The court may apply the emergency doctrine as a matter of law, thereby absolving a party of all negligence in the action. The doctrine is generally applied as a matter of law when the time interval is so short that the reaction is practically instinctive or intuitive. However, the time element may not be so short as to constitute an emergency as a matter of law, yet it may be short enough to warrant a jury finding that an emergency existed. The *Cook Case* [1] clearly contemplates that the application of the doctrine may be for the jury.

In the same case, language stating the rule governing the giving of an instruction on the doctrine was quoted from an annotation at 80 ALR 2d 5, 20. It is peculiarly applicable here. It reads:

> "In determining whether an instruction on the doctrine of sudden emergency is warranted by the evidence, the testimony must be viewed in the light most favorable to the party invoking the doctrine. In making such determination, the court is not necessarily limited to or controlled by the testimony of or on behalf of such party."

In evaluating the situation at hand, every reasonable inference that a jury might draw from the evidence must be considered, keeping in mind that the testimony as to the time

---

[1] *Cook* v. *Thomas*, 25 Wis. 2d 467, 131 N.W. 2d 299 (1964).

when Bardwell appeared before McLaughlin's vehicle and the distance it traveled before striking Bardwell is that of McLaughlin. The jury was free to accept or reject any part of this testimony and could have concluded that the time interval or distance could have been greater, but still concluded that there was a sudden emergency created by Bardwell in walking in the service roadway facing traffic on the interstate lanes with headlights shining to his rear, and that, under all the facts and circumstances, McLaughlin was not negligent in contributing to the existence of the emergency, and his "inaction" was excusable.

If, in any view of the evidence the jury could have found a "sudden emergency" as defined in AMI 614, the instruction was proper. I feel that it was, and would affirm the judgment.

I would agree, however, that "sudden emergency" should not be an absolute defense and that comparative negligence instructions would be applicable and appropriate in any event.

I am authorized to state that Mr. Justice Jones joins in this dissent.