Lloyd McELROY and Edna McElroy *v.* John C. BENEFIELD

88-278 771 S.W.2d 274

Supreme Court of Arkansas
Opinion delivered June 5, 1989

*David Hodges* and *Lohnes T. Tiner*, for appellant.

*Matthews, Sanders, Liles & Sayes*, by: *Marci Talbot Liles*, for appellee.

TOM GLAZE, Justice. This tort action arises out of an automobile accident that occurred near Wynne, Arkansas. Appellants were in their pickup truck and had stopped on a private drive alongside highway 284. They entered the highway by crossing the highway's eastbound lane to turn left to go west when their truck collided with the appellee's Corvette, which was traveling east. As a result of the collision, appellants filed suit, and the appellee counterclaimed. The jury found against appellants and awarded appellee $20,000 on his counterclaim. In this

appeal, appellants contend that the trial court erred (1) in permitting an accident reconstruction expert to testify and (2) in giving AMI 614 to the jury. Appellants also claim the $20,000 verdict in favor of the appellee is not supported by substantial evidence. We affirm.

Appellants first argue that the trial court erred in denying their motion in limine to exclude the testimony of the reconstruction expert, James Larry Williams. A discussion of the pertinent evidence in this matter is necessary when considering the admissibility of Williams's testimony.

The respective parties' versions in describing the collision were at extreme odds. The appellants testified that they had driven onto the highway, turned left into its westbound lane, and were actually heading west when the appellee's vehicle, heading east, came over a crest in the highway. Appellants claimed that the appellee's car was going 70 miles an hour and went airborne before the collision. In contrast, the appellee and his witness testified that appellee's car was going approximately 45 miles an hour prior to the accident, and denied that the car went airborne. Appellee said that the appellants' truck had stopped at the edge of the highway and had pulled out in front of him after appellee drove his car to the left so as to avoid colliding with the truck. The appellants called the officer who investigated the accident as their witness and after testifying to his physical findings, the officer was allowed to state (over the appellee's objections) his opinion that the appellee's vehicle had been traveling at a high rate of speed prior to the accident.

The appellee, in his attempt to rebut the officer's testimony, called Mr. Williams as an accident reconstruction expert. While the appellants requested that such testimony be excluded, Williams's qualifications were not otherwise challenged. Williams testified that, based upon 108 feet of skid marks left by appellee's vehicle, the displacement of appellants' vehicle of about ten feet from the point of impact, and the damage done to both vehicles, appellee's vehicle, at most, was traveling at around 50 or 51 miles an hour. The minimum speed, Williams said, would have been in the mid-forties. Williams also addressed appellants' assertion that the appellee's car was airborne when his vehicle came over the crest of the road. Williams opined that, based on the grade of

the hill of 2 %, appellee's vehicle would have been going 600 miles an hour in order for it to be two or three feet in the air as described by the appellants.

While we have held that attempts to reconstruct accidents by means of expert testimony are generally viewed with disfavor, we recently noted that the general rule of not favoring reconstruction of accidents by expert testimony has been liberalized since the enactment of the Uniform Rules of Evidence. *Drope* v. *Owens*, 298 Ark. 69, 765 S.W.2d 8 (1989). The general test for admissibility of expert testimony is whether the testimony will aid the trier of fact in understanding the evidence or in determining a fact issue. *Id.*; *see also B. & J. Byers Trucking, Inc.* v. *Robinson*, 281 Ark. 442, 665 S.W.2d 258 (1984). The determination of an expert witness's qualifications is a matter lying within the trial judge's discretion, to be upheld on appeal absent an abuse of that discretion. *Id.*

We are unable to say that the trial court abused its discretion. The investigating officer testified that he was no accident reconstruction expert, he had no experience in performing a coefficient of friction test, nor did he know anything about the "crush factor" of a Corvette. He conceded it would be very difficult to determine the exact speed of the vehicles, but he nevertheless suggested that the appellee's vehicle was traveling fast or at a high rate of speed prior to the accident. Such testimony, at least in some degree, supported the appellants' testimony that appellee's vehicle may have been traveling so fast it went airborne prior to the accident. Without detailing all of Williams's testimony, he recounted the officer's physical findings at the time of the accident and submitted additional measurements of his own. For example, he related the distance between the crest in the highway to the point at which the appellants' truck entered it was 253 feet. From his calculations, Williams not only gauged appellee's car was doing 28 miles an hour at the time of the collision, he also opined it was impossible for appellee's car to have gone airborne after coming over the crest of the highway. We have no difficulty in deciding that Williams's testimony served to aid the jury in its understanding of the evidence in this cause.

Appellants next argue that the trial court erred in giving

AMI 614, the instruction on sudden emergency. Appellants basically contend that there was no evidence of a sudden emergency. AMI 614 provides as follows:

> A person who is suddenly and unexpectedly confronted with danger to himself or others not caused by his own negligence is not required to use the same judgment that is required of him in calmer and more deliberate moments. He is required to use only the care that a reasonably careful person would use in the same situation.

The basis of the sudden emergency instruction is that the driver be in a stressful situation which dictates a quick decision as to possible courses of conduct. *Bardwell* v. *McLaughlin*, 257 Ark. 782, 520 S.W.2d 277 (1975). Thus, before a person is entitled to an instruction on sudden emergency, he must have been aware of the danger and have perceived the emergency and acted in accordance with the stress caused by the danger. *Transit Homes, Inc.* v. *Bellamy*, 282 Ark. 453, 671 S.W.2d 153 (1984). We find ample support in the record for the conclusion that appellee was confronted with a sudden emergency.

Appellee testified that as he came over the rise in the road, he saw appellants' vehicle sitting at the edge of the highway. He stated that he decided to ease over to avoid hitting appellants' car and that when he did so, appellants pulled out in front of him. Appellee testified that he then slammed on his brakes, causing his vehicle to skid some 108 feet to the point of impact. The evidence clearly supports appellee's contention that he had time to make an emergency decision between alternative courses of action, *viz.*, he either could have swerved to the right or he could have applied his brakes. If appellee had swerved right, the accident most likely would have been avoided. Instead, he applied his brakes, causing his car to continue straight, and due to a curve in the road, his vehicle entered the westbound lane where it hit the appellants' truck. Based upon these facts, we find no error in the trial court's giving AMI 614.

For their final point for reversal, appellants argue that the verdict in favor of the appellee is not supported by substantial evidence. Again, we must disagree.

Appellee sought damages in the sum of $45,000, but the jury

awarded him $20,000. The total estimate to repair appellee's vehicle was $9,897.13. Appellee also incurred $1,074.72 in medical bills, and as a result of his injuries he missed one week of work which amounted to approximately $400. Additionally, there was substantial evidence that appellee incurred pain and suffering from his right kneecap having been "pried off the knee." That injury required some twenty stitches. Appellee also had to have skin grafts requiring extensive treatment to repair a previously burned area on his leg that was reinjured in the accident.

There is no definite and satisfactory rule to measure compensation for pain and suffering and the amount of damages must depend on the circumstances of each particular case. *Hamby* v. *Haskins*, 275 Ark. 385, 630 S.W.2d 37 (1982). Compensation for pain and suffering must be left to the sound discretion of a trial jury and the conclusion reached by it should not be disturbed unless the award is clearly excessive. *Id. See also Morrison* v. *Lowe*, 274 Ark. 358, 625 S.W.2d 452 (1981). We cannot say the award of damages in this case is clearly excessive.

We find no error and, therefore, affirm.