Plaintiff alleged in his original and supplemental petitions that the defendant insurance company wrote a policy of insurance on his 1941 Buick automobile bearing a certain motor number, which policy is numbered 9037, wherein the defendant agreed to indemnify plaintiff for any damage resulting to said automobile and for which policy plaintiff paid the defendant the required premium, all of which will more fully appear by reference to said insurance policy attached to the petition and made a part thereof; that said policy was written on October 26, 1944, and extended to January 26, 1946, and that on January 6, 1945, his said automobile was damaged when it skidded off the road; that immediate notice of said damage was given to the defendant company and a demand was made for the payment of the said damages which amounted to the sum of $247. He prayed for judgment for said amount of damages, plus $100 for attorneys fees.
There is annexed to the petition a document purporting to be a copy or duplicate of a policy issued to plaintiff on the date and bearing the number alleged in the petition, and recites the type of coverage on the automobile described in the petition, among the coverages included being that against collision or upset (less a $50 deductible clause) with a premium charge for that item of coverage of $38.75. There is attached to the policy an endorsement or rider stating the balance due the Associates Investment Company whose interest is protected up to the balance due on a note held by it for $1093.50. This rider recites that it forms a part of policy number 9037 issued to Allen J. Fontenot by the Lloyds Casualty Insurer of Houston, Texas, and is effective from October 26, *Page 291 
1944. The rider is countersigned with a stamp at Houston, Texas by the "Southern General Agency, State Agents, By B," the letter "B" being signed with a pen and ink. In its answer, defendant admitted that it wrote a policy of insurance on plaintiff's automobile, and in further answering the original and supplemental petitions, defendant admitted that the policy written by it commenced on October 26, 1944, and extended to January 26, 1946, but denied the other allegations, and pleaded in the alternative that if the court should find that the defendant was indebted to plaintiff for any amount, "it is alleged that said insurance policy referred to by petitioner provides that the first fifty dollars ($50.00) of any damage incurred by petitioner's car should be paid for by petitioner and not by defendant." The answer then proceeds to set up a special defense and it is alleged, "That the policy of insurance upon which plaintiff bases his claim provides under Condition No. 12 thereof," (then follows quotations relative to the duties of the insured in case of loss as to giving notice, protecting the property, filing proof, etc.). The answer also alleges that "as appears by reference to the insurance policy on which plaintiff bases his action, Associates Investment Company of Houston, Texas, has an interest in the proceeds of said policy of insurance and is therefore a necessary party to any suit seeking to recover under said policy."
The case proceeded to trial and plaintiff was called as a witness. After plaintiff had answered a few preliminary questions, counsel for defendant objected to any evidence in support of plaintiff's demand on the ground that the document annexed to the petition recited to be the policy sued on is not defendant's policy of insurance, but is merely a piece of paper showing on its face some unsigned carbon of some original. The trial judge refused to permit the plaintiff to show the contract of insurance and its contents on the ground that the document annexed to the petition was only a copy and the original policy was the best evidence of its contents. The court did permit the plaintiff to prove the accident and damage to the car and that plaintiff had notified the defendant of the loss himself and through others over the telephone. He also proved that he had paid in full the amount which he owed the finance company mentioned in defendant's answer.
The trial judge rendered a judgment in favor of defendant and dismissed plaintiff's suit for the reason that the plaintiff could not prove the contents of the policy and the coverage of the loss by parol evidence or by the alleged copy of the policy annexed to the petition. Plaintiff has appealed from that judgment of dismissal.
The defendant did not deny in its answer that the document annexed to the petition and on which plaintiff based his suit was a copy or duplicate of the contract it had entered into with plaintiff. Nor did the defendant deny that the agents whose name is stamped on this copy or duplicate were not authorized to issue the policy. Neither did it deny that the person who signed with pen and ink with the initial "B" was authorized to sign for these agents. On the contrary, the entire answer of the defendant leads to no other conclusion but that the document annexed to the petition represents a contract of insurance on its part in plaintiff's favor as therein set out and as declared upon in the petition.
[1, 2] When the defendant admitted that it wrote a policy on plaintiff's car, and admitted that the policy was in force at the time of the alleged damage, and then proceeds to set up matters of special defense, such as the $50 deductible clause, want of notice and non-joinder of the finance company, the defendant could not on the trial of the case take the position that the document declared upon and forming the basis of the suit does not reflect the nature, extent and terms of its liability. Having admitted the issuance of a policy on plaintiff's automobile and having failed to deny that the document annexed to the petition reflected its liability, the burden rested upon defendant to show the nature, terms and limitations of its liability. Masaracchia v. Inter-City Express Lines, Inc. et al, La. App., 162 So. 221.
The evidence shows that the finance company named in the policy and which held the note against the automobile procured the policy and sent to plaintiff the copy or duplicate which plaintiff annexed to his *Page 292 
petition. Plaintiff paid the premium, and has paid the finance company in full. Since the finance company has been paid in full, it has no further interest in the policy. Had the finance company not been paid, the exception based on the failure to join this company in the suit would have presented a serious question.
[3, 4] As already stated, the evidence shows that the defendant was given ample notice of the claim, and demands were made for payment of the damage, but the defendant continued to neglect and delay the adjustment of the claim. Moreover, the defendant having specially pleaded lack of notice, it carried the burden of proving this special defense. The only evidence offered by the defendant to prove lack of notice was the deposition of the office manager of the defendant company in Houston who stated that the first notice he received of plaintiff's claim was a letter from plaintiff's attorney dated April 12, 1945, advising of the accident and damage to the automobile. He testified that any notice would have come to his attention as he had charge of receiving proofs of claims and the adjustment of losses.
As against this testimony, plaintiff testified that a day or so after the accident he had the garage man to whom the car was taken after the accident call the defendant company; that he was present when the call was made; that a few weeks later an estimate of the damage was mailed to the defendant company, and the garageman again called the company in his presence; that a former representative of the finance company also called the defendant company shortly after the accident with a view of assisting him in getting the loss adjusted, and finally, that he himself called the company, and was told that he should not get excited about the matter as the company had ninety days in which to adjust the loss. Plaintiff is corroborated in his testimony on this point by the garage man and the former representative of the finance company who each testified that they called the insurance company for the plaintiff and the company promised to send an adjuster as soon as possible.
The loss of $247 is proved with legal certainty. From this amount there should be deducted the sum of $50 in accordance with the deductible clause in the policy. There is nothing to support the claim for attorneys fees.
For the reasons assigned, it is ordered that the judgment appealed from be and the same is hereby reversed and set aside, and it is now ordered that plaintiff have and recover judgment against the defendant, Lloyds Casualty Insurer, in the full sum of $197 with legal interest thereon from judicial demand until paid, and for all costs of the suit.