UNITED STATES FIDELITY AND GUARANTY COMPANY, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE PONCE, HONORABLE HÉCTOR RUIZ SOMOHANO, JUEZ, demandado; JUAN J. HERNÁNDEZ, interventor.

*Número:* 2566   *Resuelto:* 5 de abril de 1962

*Enrique Báez García,* abogado de la peticionaria; *Héctor Lugo Bougal,* abogado del interventor.

Sala integrada por el Juez Presidente Señor Negrón Fernández, y los Jueces Asociados Señores Blanco Lugo y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Se condenó a la Pámpanos Bus Line y a la U.S. Fidelity & Guaranty Co., aseguradora de la primera, "a pagar solidariamente la cantidad de $4,000.00" a Juan J. Hernández, demandante en un pleito de daños y perjuicios. Apelada por la demandada la sentencia, fue confirmada por este Tribunal con fecha 9 de junio de 1959. El día 18 siguiente, la U.S. Fidelity & Guaranty Co., aquí peticionaria, radicó en el Tribunal Superior, Sala de Ponce, una Moción Sobre Pago de Sentencia en la cual por primera vez hizo constar que el límite de la póliza que expidió a favor de la Pámpanos Bus Line era de $3,000.00, por lo que para cumplir su obligación bajo la sentencia depositaba esa suma más $400.00 de honorarios de abogado y $578.00 correspondientes a los intereses sobre $3,000.00, desde la fecha en que se dictó la misma por el tribunal de instancia hasta el día de la consignación.

Radicó entonces Hernández una moción haciendo constar que la sentencia dictada tenía el carácter de solidaria y que en ningún momento durante el pleito la U.S. Fidelity Co. alegó que el límite de la póliza era de $3,000.00. Alegó además que la acción de la compañía aseguradora la perjudicó pues no trabó embargo alguno sobre los bienes de la otra demandada para asegurar la efectividad de la sentencia, dependiendo de la solvencia de la aseguradora. Se opuso la U.S. Fidelity a las pretensiones de Hernández, alegando que éste no fue diligente al omitir solicitar información sobre el monto de la póliza y que como el límite de la póliza no estaba

en controversia, la compañía no estaba obligada a hacer alegación alguna sobre este particular.

El juez recurrido sostuvo lo alegado por el demandante por el fundamento de que la cuestión del límite de responsabilidad de la póliza, participa de la naturaleza de una defensa que debe ser alegada y probada por el asegurador, en ausencia de admisión o estipulación al efecto. Para revisar esa resolución expedimos auto de certiorari. █

Es al que le reclama a un asegurado a quien le corresponde establecer que la acción u omisión que dio margen a la causa de acción ejercitada está cubierta por el contrato de seguro. *Boyd* v. *White*, 123 So.2d 835 (La. 1960). Establecido esto, le corresponde al asegurador demostrar el límite de su responsabilidad. *Masaracchia* v. *Inter-City Express Lines Inc. et al.*, 162 So.2d 221 (La. 1935); *Fontenot* v. *Lloyds Casualty Insurer*, 31 So.2d 290 (La. 1947); *Massachusetts Protective Ass'n Inc.* v. *Fergojon*, 121 So. 863 (La. 1929); *Franz* v. *U. S. Casualty Co.*, 49 F. Supp. 267 (D.C.E.D. La. cir. 1943); *Dostal* v. *St. Paul Mercury Indemnity Co.*, 89 N.W.2d 545 (Wis. 1958); 21 Appleman *Insurance Law & Practice*, §§ 12,095, 12,281 (ed. 1947); Cf. *Pepin* v. *Ready Mix*, 70 D.P.R. 758 (1950); *Nichols* v. *U.S. Fidelity & Guaranty Co.*, 109 N.W.2d 137 (Wis. 1961), y si así no lo hiciere se presume que el límite de su responsabilidad es suficiente para cubrir la suma reclamada en la demanda. A ese efecto se dijo en *Masaracchia* v. *Inter-City Express Lines*, supra:

"Habiendo analizado el problema con más detenimiento, concluimos que cuando en un pleito en contra del asegurado y su aseguradora, ésta admite haber expedido la póliza, puede razonablemente asumirse, en ausencia de alegaciones y prueba en contrario, que los límites [de responsabilidad] de la póliza son suficientes para cubrir la reclamación a que se refiere la demanda, y si no es suficiente, la aseguradora alegará y probará lo contrario.

El derecho a incluir la aseguradora como demandada en casos de esta naturaleza lo concede la Ley Núm. 55 de 1930, que

a su vez enmendó la 253 de 1918, y creemos que, si se analizan conjuntamente y teniendo en mente que ambos demandados el asegurado y su aseguradora, tienen conocimiento cabal de todos los términos y condiciones de la póliza y el demandante no puede tenerlo, el peso de la prueba lo deben tener los demandados, que han admitido la existencia de la póliza, para establecer que sus términos son tales que no le hacen responsables bajo la misma o que limitan su responsabilidad a una cantidad específica. En ausencia de tal prueba, debe sostenerse que la responsabilidad del asegurador es solidaria con la del asegurado." ■

Esto es así cuando se incluyen como demandados conjuntamente al asegurado y a la compañía aseguradora así como cuando se dirige la acción contra la compañía únicamente cuando el estatuto, como en Puerto Rico, así lo permite. Ley de Seguros de Puerto Rico de 1921, Sección 175—26 L.P.R.A. sec. 1074.([1]) ■

Ahora, se ha sostenido también que una vez dictada sentencia contra el asegurado, si el monto de la misma es superior al límite de la póliza, el tribunal sentenciador tiene discreción para admitir prueba por vía de reconsideración, o mediante cualquier otra moción procedente, con el fin de establecer la suma por la cual responde la aseguradora. *Dostal v. St. Paul Mercury Indemnity Co.*, supra; *Catura v. Romanofsky*, 66 N.W.2d 693 (Wis. 1954). ■

En el caso de autos, como hemos visto, la compañía aseguradora no presentó prueba para dejar establecido el límite de su responsabilidad ni aún después de haberse dictado sentencia en su contra. Tratar de establecerlo al momento de satisfacer la sentencia, que es final después de pasar por el trámite apelativo, es tardío. Amplia oportunidad tuvo para hacerlo y optó por cruzarse de brazos hasta el momento mismo de ejecutar la sentencia.

*Se anulará el auto expedido y se confirmará la resolución dictada por el Tribunal Superior, Sala de Ponce, de fecha 21 de agosto de 1959.*

---

([1]) Igual disposición aparece en el Código de Seguros vigente. Art. 20.030. 26 L.P.R.A. sec. 2003 (ed. 1958).