UNITED STATES FIDELITY AND GUARANTY COMPANY, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, PONCE PART, HÉCTOR RUIZ SOMOHANO, JUDGE, Respondent; JUAN J. HERNÁNDEZ, Intervener.

No. 2566. Decided April 5, 1962.

*Enrique Báez García* for petitioner. *Héctor Lugo Bougal* for intervener.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

Mr. Justice Dávila delivered the opinion of the Court.

The Pámpanos Bus Line and the U.S. Fidelity & Guaranty Co., insurer of the former, were ordered "to pay *in solido* the sum of $4,000" to Juan J. Hernández, plaintiff in an action for damages. Appeal having been taken by the defendant, the judgment was affirmed by this Court on June 9, 1959. On the following 18th day the U.S. Fidelity & Guaranty Co., petitioner herein, filed in the Superior Court, Ponce Part, a Motion for Satisfaction of Judgment, alleging for the first time that the coverage of the policy issued in favor of Pámpanos Bus Line was $3,000, wherefore in order to comply with its obligation under the judgment it deposited that sum plus $400 for attorney's fees, and $578 interest on $3,000 from the date judgment was rendered by the trial court until the date of deposit.

Hernández then filed a motion alleging that the judgment rendered was of a solidary character, and that at no time during the proceeding the U.S. Fidelity Co. alleged that the policy limit was $3,000. He further alleged that the action of the insurance company prejudiced him, since no attachment was levied on the property of the other defendant to secure the effectiveness of the judgment, depending on the solvency of the insurer. The U.S. Fidelity objected to Hernández' claims, alleging that he was not diligent insofar as he failed to request information on the amount of the policy, and that since the policy limit was not in issue the company was not bound to set up any allegation on this point.

The respondent judge upheld the plaintiff's allegations on the ground that the question of the liability limit of the policy partakes of the nature of a defense which should be alleged and proved by the insurer, in the absence of proper admission or stipulation. We issued a writ of certiorari to review that order.

The person claiming from an insured has the burden to establish that the action or omission which gave

rise to the cause of action exercised is within the coverage of the insurance contract. *Boyd* v. *White*, 123 So. 2d 835 (La. 1960). Having established this, the insurer is bound to prove its liability limit. *Masaracchia* v. *Inter-City Express Lines, Inc., et al.*, 162 So. 221 (La. 1935) ; *Fontenot* v. *Lloyds Casualty Insurer*, 31 So. 2d 290 (La. 1947) ; *Massachusetts Protective Ass'n, Inc.* v. *Ferguson*, 121 So. 863 (La. 1929) ; *Franz* v. *U.S. Casualty Co.*, 49 F. Supp. 267 (D.C.E.D. La. 1943) ; *Dostal* v. *St. Paul Mercury Indemnity Co.*, 89 N.W.2d 545 (Wis. 1958) ; 21 APPLEMAN, Insurance Law & Practice, § § 12,095, 12,281 (1947 ed.) ; *cf. Pepin* v. *Ready-Mix Concrete*, 70 P.R.R. 723 (1950) ; *Nichols* v. *U.S. Fidelity & Guaranty Co.*, 109 N.W.2d 131 (Wis. 1961), and if it fails to do so the presumption is that its liability limit is coextensive with the sum claimed in the petition. In this connection, it was said in *Masaracchia* v. *Inter-City Express Lines, supra:*

"Having given the matter further thought, we conclude that where, in a suit against a main defendant and also against the main defendant's insurer, the insurer admits that it has issued a policy, it is a fair assumption, in the absence of allegations and proof to the contrary, that the policy limits are coextensive with the liability which, in the petition, is averred to exist, and that if it is not so coextensive, the insurer will so allege and will submit proof in support of its allegations.

"The right to include the insurer as a defendant in a matter of this kind is given by Act No. 55 of 1930 which is amendatory of Act No. 253 of 1918, and we believe that construing these acts together and bearing in mind the fact that the main defendant and the insurer both have full knowledge of the terms and conditions of any such policy, whereas the plaintiff can have no such knowledge, the burden of proof should be placed upon the defendants, who have admitted the existence of the policy, to show that the terms of the policy are such as to exclude the company from liability or are such as to limit its liability to some particular amount. In the absence of such proof, it should be held that the liability of the insurer is coextensive with that of the insured."

██ This is so when the insured and the insurance company are joined as defendants, as well as when the action is directed against the company alone, where the statute, as in Puerto Rico, permits it. Insurance Law of Puerto Rico of 1921, § 175, 26 L.P.R.A. § 1074.[1]

██ However, it has also been held that once judgment is rendered against the insured, if the amount thereof exceeds the policy limit, the trial court has discretion to admit evidence by way of reconsideration or by any other proper motion, in order to determine the sum for which the insurer is liable. *Dostal* v. *St. Paul Mercury Indemnity Co., supra; Catura* v. *Romanofsky*, 66 N.W.2d 693 (Wis. 1954).

██ In the case at bar, as we have seen, the insurance company did not introduce evidence to establish the limit of its liability, not even after judgment was rendered against it. To attempt to establish it at the time of satisfying judgment, which is final after going through the appellate procedure, is untimely. It had ample opportunity to do so and it elected to do nothing until the very moment of executing the judgment.

The writ issued will be quashed and the order issued by the Superior Court, Ponce Part, on August 21, 1959, will be affirmed.

---

[1] A similar provision appears in the Insurance Code in force, § 20.030, 26 L.P.R.A. § 2003 (1958 ed.).